816 F.2d 678
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clyde CARTER and Wife, Frances Carter,
Plaintiffs-Appellants, Cross-Appellees,
v.
KINGS LODGE, INC., Defendant-Appellee,
Rusty Carnes; Gene Hass; Don Shipman and City of
Chattanooga, Defendants- Appellees, Cross-Appellants,
William E. Day, Defendant-Appellee.
 Nos. 86-5264, 86-5289.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1987.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and TAYLOR, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs-appellants Clyde Carter (Carter) and Frances Carter (F. Carter) appealed from the judgment entered in favor of defendants Gene Hass (Hass), Don Shipman (Shipman), Rusty Carnes (Carnes), William Day (Day) and the City of Chattanooga, Tennessee (the city) following a bench trial in this action initiated pursuant to 42 U.S.C. Sec. 1983. Hass, Shipman, Carnes and the city cross-appealed from the denial of their motion for attorneys' fees pursuant to 42 U.S.C. Sec. 1988.
 
 
 2
 The record disclosed that, on December 24, 1983, Carter and F. Carter attended a dance at the Chattanooga V.F.W. club with their daughter and her boyfriend. Following the dance, the Carter party caused a disturbance while they were eating an early morning breakfast at a local restaurant. Day, Shipman and Carnes, officers of the Chattanooga Police Department, were summoned to the scene. The officers advised the Carters to finish their meal and to leave the restaurant without causing further disruption. Shortly thereafter, the officers departed.
 
 
 3
 After the Carter entourage boisterously exited the restaurant, Carter recklessly drove his automobile to the Kings Lodge Hotel (Kings Lodge) where Day was employed as a security guard. Carter angrily charged into the Kings Lodge lobby and, in a face to face confrontation, demanded that Day identify himself by name and badge number. Day complied with the request and immediately thereafter placed Carter under arrest for being disorderly.
 
 
 4
 Shipman, who was present at the Kings Lodge at the time of Carter's hostile confrontation of Day, observed F. Carter exiting the Carter vehicle and advised her not to enter the lobby. F. Carter ignored Shipman's instructions, proceeded into the lobby, approached Day, and struck him. F. Carter was also placed into custody as a result of her conduct. Carter and F. Carter were transported to jail in separate vehicles by Carnes and Hass, who was also an officer of the Chattanooga Police Department.
 
 
 5
 Carter and F. Carter were indicted by the Hamilton County Grand Jury on charges of disorderly conduct, but were subsequently acquitted. Thereafter, they initiated this action in federal district court pursuant to 42 U.S.C. Sec. 1983 alleging false arrest, false imprisonment and malicious prosecution.
 
 
 6
 At the conclusion of a bench trial, the district court issued a written opinion on February 6, 1986 in which it concluded that the Carters had failed to demonstrate that they had been arrested, imprisoned and prosecuted without probable cause and entered judgment for defendants. Hass, Shipman, Carnes and the city filed a motion for attorneys' fees pursuant to 42 U.S.C. Sec. 1988. On February 28, 1986, the district court issued an opinion denying fees based upon its finding that the Carters' suit was not so frivolous and baseless as to warrant the imposition of attorneys' fees pursuant to 42 U.S.C. Sec. 1988.
 
 
 7
 Upon consideration of the briefs and arguments of counsel, together with the record herein, this court is unable to conclude that the trial court's opinions of February 6 and February 28, 1986 were clearly erroneous. Accordingly, the judgment of the district court is hereby AFFIRMED.
 
 
 
 *
 Hon. Anna Diggs Taylor, District Judge, United States District Court for the Eastern District of Michigan, sitting by designation